UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JONATHON BASS *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:23–CV–248 |
| | ) |
| HUSSMAN SERVICES CORPORTATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jonathon Bass, Taylor Culbertson, Kyle Culpepper, Jason Duncan, Jeffrey Hedden, Brady Lindsey, Jody Miller, Kevin Orton, Austin Parker, Pablo Parra, Boyce Putman, Jason Steffen, Jeremy Turner, Anthony Williams, and Joseph Williams ("Plaintiffs") filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on July 12, 2023. [Doc. 1]. The parties filed a Joint Motion for Approval of FLSA Settlement on July 26, 2023. [Doc. 8]. For the following reasons, the Joint Motion [Doc. 8] is **GRANTED**, and the settlement is **APPROVED**.

## I. BACKGROUND

Plaintiffs' Complaint alleges violations of the Fair Labor Standards Act ("FLSA"). [*See* Doc. 1]. Plaintiffs sought unpaid straight time and overtime wages, liquidated damages, attorney's fees, and costs. [*Id.* at 4–7]. The parties have now settled the dispute and filed a proposed Settlement Agreement with the Court. [*See* Doc. 8-1]. Pursuant to the terms of the Settlement Agreement, Defendant agrees to pay a total of $512,065.00 to Plaintiffs, comprised of $166,422.00 in backpay, $166,422.00 in liquidated damages, and $179,221.00 in attorneys' fees. [*Id.* at 2, 8].

1

## II. LEGAL STANDARD

"In the context of a lawsuit brought by an employee against his or her employer under Section 216(b), the employee may settle and release FLSA claims if the parties present to the court a proposed settlement agreement and the court approves the settlement." *Beyer v. Faris Props.*, No. 3:18-CV-139, 2019 U.S. Dist. LEXIS 234748, at *1 (E.D. Tenn. July 23, 2019) (citing *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). In reviewing an FLSA settlement, courts scrutinize the proposed settlement to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 U.S. Dist. LEXIS 24464, at *1 (E.D. Tenn. Mar. 2, 2015) (citing *Lynn's Food Stores Inc.*, 679 F.2d at 1355).

The Eleventh Circuit has detailed the circumstances justifying court approval of an FLSA settlement in the private litigation context, stating:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores Inc.*, 679 F.2d at 1354.

Additionally, an award of attorneys' fees and costs to Plaintiffs' counsel must be "reasonable under the circumstances." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). The Court "must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Id.* Two methods may be used, the percentage-of-

2

the-fund method and the lodestar method, and the Court must consider which method is more appropriate for the particular case. *Id.* The lodestar method calculates the number of hours reasonably expended by a reasonable hourly rate, while the percentage-of-the-fund method better accounts for the attorneys' success. *Id.*

Courts often also consider the following factors: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

## III. ANALYSIS

As set forth in the pending Joint Motion, the parties have reached a proposed settlement in this case. [Docs. 8, 8-1]. Plaintiffs' claims against Defendant were adversarial in nature, and during litigation and settlement Plaintiffs were represented by experienced counsel. [Doc. 8, at 2; Doc. 8-2, at 2]. The parties represent that the proposed settlement is the result of a "bona-fide compromise" between them and that they are resolving the matter in order to avoid further expenses associated with continued litigation. [Doc. 8, at 2]. The settlement negotiated by the parties results in Plaintiffs receiving payment for 75% of their claimed hours and liquidated damages over a three-year period. [*Id.* at 3]. The parties agree that the settlement is fair and reasonable, and that the contingent attorneys' fees and expenses in this action, constituting thirty-five percent (35%) of the gross settlement amount, are reasonable under the circumstances, which include a nineteen-month period of investigation and negotiation prior to suit being filed in this matter. [*Id.*; Doc. 8-2, at 2–3, 5].

3

The parties jointly request that the Court approve the proposed settlement agreement and dismiss the Complaint with prejudice. [*Id.* at 4].

After reviewing the Settlement Agreement, the Court finds that it is a fair, adequate, and reasonable resolution of a bona fide FLSA dispute. Further, the Court finds that the percentage of the fund method reflects the results achieved in this action, and the percentage and amount attorneys' fees appear reasonable in light of Plaintiffs' counsel's contingent fee arrangement and the length of representation in this matter. Accordingly, the parties' Joint Motion for Approval of FLSA Settlement [Doc. 8] is **GRANTED**, and the parties' settlement agreement [Doc. 8-1] is hereby **APPROVED**.

## IV. CONCLUSION

Plaintiffs' counsel's requested reasonable attorneys' fees in the amount of $179,221.00 are **APPROVED**. [Doc. 8-1, at 8]. Plaintiffs' settlement in the amount of $166,422.00 in backpay and $166,422.00 in liquidated damages is **APPROVED**. [*Id.*]. This matter is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to close this case. An appropriate judgment will enter.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE